# EXHIBIT 1

|  |  |
|---|---|
| **LAW OFFICE OF WILLIAM D. NELSON, P.C.**<br>4400 East Broadway, #600-F<br>Tucson, Arizona 85711<br>Telephone: 520-327-5500<br>Fax: 520-327-8939<br><br>William D. Nelson<br>Pima County Computer No. 42068<br>State Bar No.: 006023<br>E-mail: william@williamnelsonlaw.com<br>*Attorney for Plaintiff* | FILED<br>Gary Harrison<br>CLERK, SUPERIOR COURT<br>12/18/2019 11:06:30 AM<br>BY: ALAN WALKER /S/<br>DEPUTY<br><br>Case No. C20196286<br>HON. LESLIE MILLER |

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| HIRAM CANNON and MARIANNE CANNON, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, a National Association (an Ohio corporation),<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>Assigned to:<br>Hon. |

The Plaintiffs, by and through their attorney, William D. Nelson, and for their complaint against the Defendant, state, allege, and complain as follows.

### COUNT I

1. That at all relevant times hereto, the Plaintiffs, HIRAM CANNON and MARIANNE CANNON, are husband and wife and residents of Pima County, Arizona.

2. That the Defendant, JPMORGAN CHASE BANK, a National Association (hereinafter designated as "CHASE BANK") is an Ohio corporation that has

1

agents and representatives and does business and owns property in Pima County, Arizona.

3. That the events giving rise to the claims of the Plaintiffs against the Defendant occurred in Pima County, Arizona.

4. Those at all relevant times hereto, Defendant CHASE BANK owns the building located at 9510 East Golf Links Road, Tucson, Arizona.

5. That at all relevant times hereto, Defendant CHASE BANK occupied the building at 9510 East Golf Links Road, Tucson, Arizona.

6. That the only designated handicap parking spaces available for customers are located on the south side of the bank located at 9510 East Golf Links Road, Tucson, Arizona.

7. That an ADA accessible route includes a handicap ramp that allows access from the handicap parking spaces to the walk-up ATM and main entrance to the bank.

8. That the handicap ramp was so negligently designed and constructed such that it created an unreasonably dangerous condition.

9. That the handicap ramp was constructed in 1987.

10. That there is no evidence that the original handicap ramp was ever subsequently modified from its original construction.

11. That Plaintiff Hiram Cannon has pre-existing health conditions such that he is a disabled individual as defined under the Americans With Disabilities Act (hereinafter referred to as "ADA").

Law Office of William D. Nelson, P.C.
4400 E. Broadway Blvd., #600-F
Tucson, Arizona 85711-3556

2

12. That on June 6, 2019, Plaintiff HIRAM CANNON went to the CHASE BANK located at 9510 East Golf Links Road in Tucson, Arizona to utilize the ATM machine located by the front entrance.

13. That while on the premises of CHASE BANK, Plaintiff HIRAM CANNON was a business invitee.

14. That Plaintiff HIRAM CANNON parked his vehicle in the designated handicap parking space on the south side of the bank building.

15. That Plaintiff HIRAM CANNON using his walker utilized the ADA accessible route to travel from his vehicle to the ATM machine.

16. That after utilizing the ATM machine, Plaintiff HIRAM CANNON proceeded with his walker towards his parked car.

17. That when Plaintiff HIRAM CANNON encountered the sharp downslope of the handicap ramp, he was thrown off balance and fell hard on the ground, suffering traumatic and devastating injuries.

### Negligence

18. That Defendant CHASE BANK has a non-delegable duty to keep its premises reasonably safe for invitees.

19. That the handicap ramp being utilized by Plaintiff HIRAM CANNON was an unreasonably dangerous condition upon the property.

20. That the unreasonably dangerous condition existed for such a length of time that Defendant CHASE BANK, in the exercise of reasonable care, should have known of the unreasonably dangerous condition.

3

21. That Defendant CHASE BANK breached its duty to keep its premises reasonably safe for invitee HIRAM CANNON.

22. That as a direct and proximate result of the negligence of the Defendant CHASE BANK, the Plaintiffs have suffered injuries and damages.

23. That as a direct and proximate result of the negligence of the Defendant CHASE BANK, Plaintiff HIRAM CANNON sustained personal injuries, some of which may be permanent in nature.

24. That as a direct and proximate result of the negligence of the Defendant CHASE BANK, the Plaintiff HIRAM CANNON has sustained pain, suffering, discomfort, disability, disfigurement, anxiety, and other damages and will continue to sustain such for an indeterminate period of time in the future.

25. That as a direct and proximate result of the negligence of the Defendant CHASE BANK, Plaintiff HIRAM CANNON has suffered a loss of enjoyment of life.

26. That as a direct and proximate result of the negligence of the Defendant CHASE BANK, Plaintiff HIRAM CANNON has sustained injuries some of which are permanent in nature.

27. That as a direct and proximate result of the negligence of the Defendant CHASE BANK, the Plaintiffs have incurred medical expenses for the care and treatment of HIRAM CANNON's personal injuries and may continue to incur such expenses for an indeterminate period of time in the future.

## COUNT II

### Negligence Per Se

28. That the Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Count I.

29. That Defendant CHASE BANK is an entity that is providing "public accommodations" under the ADA.

30. That the handicap ramp in issue must comply with the ADA requirements for accessibility to the CHASE BANK facility.

31. That the handicap ramp in issue is not in compliance with the ADA standards.

32. That Defendant CHASE BANK is negligent per se for violation of the ADA.

33. That Arizona has adopted ADA standards under the Arizona Public Accommodations and Services Act, A.R.S. 41-1492, et seq.

34. That the Defendant CHASE BANK is negligent per se for violation of the Arizona Public Accommodations and Services Act.

35. That as a direct and proximate result of the negligence per se of the Defendant CHASE BANK the Plaintiffs have suffered injuries and damages.

36. That as a direct and proximate result of the negligence per se of the Defendant CHASE BANK, Plaintiff HIRAM CANNON sustained personal injuries, some of which may be permanent in nature.

37. That as a direct and proximate result of the negligence per se of the Defendant CHASE BANK, the Plaintiff HIRAM CANNON has sustained pain, suffering,

5

discomfort, disability, disfigurement, anxiety, and other damages and will continue to sustain such for an indeterminate period of time in the future.

38. That as a direct and proximate result of the negligence per se of the Defendant CHASE BANK, Plaintiff HIRAM CANNON has suffered a loss of enjoyment of life.

39. That as a direct and proximate result of the negligence per se of the Defendant CHASE BANK, Plaintiff HIRAM CANNON has sustained injuries some of which are permanent in nature.

40. That as a direct and proximate result of the negligence per se of the Defendant CHASE BANK, the Plaintiffs have incurred medical expenses for the care and treatment of HIRAM CANNON's personal injuries and may continue to incur such expenses for an indeterminate period of time in the future.

WHEREFORE, the Plaintiffs request compensatory damages in the amount deemed just and reasonable, for their cost incurred herein, and for such other and further relief as this Court and a jury deems just and proper.

DATED this 17th day of December, 2019.

                LAW OFFICE OF WILLIAM D. NELSON, P.C.

                By: /s/ William D. Nelson

                    William D. Nelson
                    4400 E. Broadway Blvd., Ste. 600-F
                    Tucson, AZ  85711
                    Attorney for Plaintiffs